O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE NO. CR07-354-CAS |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | FINAL REVOCATION OF SUPERVISED RELEASE AND JUDGMENT |
| LAURIE ANNE HIETT, | ) | |
| Defendant. | ) | |
| _____ | ) | |

On June 23, 2008, this matter came before the Court on petition to show cause why supervised release should not be revoked filed May 14, 2008. The Government, Anthony Lewis and Scott Garringer, the defendant and his appointed Deputy Federal Public Defender, Firdaus Dordi, were present. The U.S. Probation Officer, Gregory Amantia, is also present. The defendant admits violation of her supervised release as to allegations 5 and 6 of the petition filed May 14, 2008. The Court grants the Government's request to dismiss the remaining allegations of the petition filed May 14, 2008. The Court finds the admissions voluntary and knowledgeable and accepts them. The Court further finds that the defendant is in violation of the terms and conditions of her supervised release as set forth in the Judgment and Probation/Commitment Order filed May 5, 2000. The Court ORDERS that defendant's supervised release is revoked. The defendant is hereby committed to the custody of the Bureau of Prisons for a term of three (3) months. Upon release from imprisonment, the defendant's supervised release will be reinstated on supervised release

for the remainder term previously imposed. Furthermore, defendant's supervised release shall be under the same terms and conditions previously imposed, with the added condition that: Upon release from custody, defendant shall participate in a home detention program for the remainder of her supervision term, which may include electronic monitoring, GPS, or voice recognition and shall observe all rules of such program as directed by the Probation Officer. The defendant shall maintain a residential telephone line without devices and/or services that may interrupt operation of the monitoring equipment. The defendant shall pay the costs of home confinement to the contract vendor, not to exceed $12.00 per day and shall provide proof of payment as directed by the Probation Officer. These costs may be waived upon a finding by the Probation Officer that the defendant does not have the ability to pay.

IT IS ORDERED that the Clerk deliver a copy of this judgment to the United States Marshal or other qualified officer and that said copy shall serve as the commitment of defendant.

FILE/DATED: July 7, 2008

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

SHERRI R. CARTER, CLERK

By: _____/S/_____
Catherine M. Jeang, Deputy Clerk